Opinion Issued March 4, 2004 











     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00023-CR




KENNETH MCGREGOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 531483




MEMORANDUM OPINION

          Appellant, Kenneth McGregor, pleaded guilty to sexual assault in 1990. In
accordance with the State’s recommendation, the trial court assessed punishment at
20 years’ confinement. In 2002, appellant filed a motion for post-conviction DNA
testing. The trial court denied appellant’s motion. In three issues presented for
review, appellant, in his pro se brief, claims that (1) the evidence is legally
insufficient to support the verdict; (2) the evidence establishes that his plea bargain
was induced by force because “trial counsel was not competent to examine any of the
facts which have been found by the FBI lab technicians,” and a thorough
investigation was not properly conducted by the investigators; and (3) “the Houston
Police Crime Lab technicians and the State prosecutor have been found shut down by
misconduct and routinely found using the lab wrongfully” and mishandling DNA
testing, and therefore we should review the lab’s decision. We dismiss in part and
affirm in part. 
Background
          Appellant’s counsel filed a motion to withdraw from appellant's representation
on appeal because she concluded that there are no arguable grounds of error. The
brief meets the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396
(1967), by presenting a professional evaluation of the record and stating why no
arguable grounds for error on appeal exist. See Gainous v. State, 436 S.W.2d 137, 138
(Tex. Crim. App.1969). Counsel has advised appellant of her evaluation and
informed him of his right to file a pro se response, and appellant has filed a response. 
          Appellant was sentenced to 20 years’ confinement after pleading guilty to the
offense of sexual assault in September 1990. No appeal was taken on the conviction.
In November 2002, appellant filed a motion pursuant to chapter 64 of the Texas Code
of Criminal Procedure seeking DNA testing of evidence containing biological
material. The trial court appointed counsel to assist appellant in the proceeding. The 
State responded to appellant's motion with three sworn affidavits. The affidavit of
Melchora Vasquez, clerk for the Harris County District Clerk’s Office, states that the
Clerk’s office has no items of evidence in its possession. The affidavit of K.L.
McGinnis, property custodian for the Houston Police Department, notes that the
evidence maintained in appellant’s sexual assault case and in the possession of the
Houston Police Department was destroyed on May 12, 1989. Finally, the affidavit
of Jim Bolding, custodian for the Houston Police Department Crime Laboratory,
states that there are no items of evidence pertaining to appellant’s sexual assault case
in the Houston Police Department Crime Laboratory. The trial court accepted the
State’s finding of facts and conclusions of law and denied appellant’s motion for
DNA testing on the basis that no genetic material was available for testing. 
Discussion
          In his first two issues presented in his pro se brief, appellant raises issues 
related to his original conviction and plea bargain. We do not address the merits of
these complaints because they may be appealed only directly. See Watson v. State, 96
S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref’d) (holding that appeal from
denial of Chapter 64 motion is limited to findings of lower court under articles 64.03
or 64.04 in non-capital case). Thus, we must dismiss appellant’s first and second
issues.
          In his third issue, appellant argues that we should review the State’s assertion
that no biological material existed because a recent review of the Houston Police
Department Crime Lab found technicians’ errors. The trial court, however, found that
the evidence from appellant’s sexual assault conviction in the possession of the
Houston Police Department had been destroyed and that no remaining evidence in his
underlying case exists. Because there is no evidence that could be subjected to DNA
testing, the trial court did not abuse its discretion in denying appellant's motion. See
Murphy v. State, 111 S.W.3d 846, 849 (Tex. App.—Dallas 2003, no pet.) (holding
appeal from order denying DNA testing was frivolous because, among other things,
no DNA evidence existed). We overrule appellant’s third issue. 
Conclusion
          We affirm the judgment of the trial court denying appellant’s request for DNA
testing and dismiss that portion of appellant’s appeal relating to his original
conviction and plea bargain. We grant appellate counsel’s motion to withdraw. See
Stephens v. State, 35 S.W.3d 770, 771 (Tex. App.—Houston [1st Dist.] 2000, no
pet.). We note that counsel still has a duty to inform appellant of the result of this
appeal and also to inform appellant that he may, on his own, pursue discretionary
review in the Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997). 

                                                                                  Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Taft, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.4.