David Christian MURPHY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–02–01003–CR.

Court of Appeals of Texas,
Dallas.

Aug. 12, 2003.

Jennifer Allyn Balido, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Dallas, for the State.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion by Justice JAMES.

David Christian Murphy appeals the trial court's order dismissing his motion for post-conviction DNA testing.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (Vernon Supp.2003). The court based its order on its finding that there was no biological evidence in the State's possession at the time of trial that was collected in relation to the offense for which appellant was convicted.

Appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief purports to be an *Anders* brief. *See generally Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Whether an attorney may file an *Anders* brief in an appeal of a trial court's ruling on a post-conviction motion for DNA testing appears to be an issue of first impression in this state. Therefore, we first address whether *Anders* is applicable to the appeal before the Court.

### *Frivolous Appeals*

Appointed counsel is not allowed to make frivolous arguments in an appeal from a criminal conviction. *See Jeffery v. State,* 903 S.W.2d 776, 779 (Tex.App.-Dallas 1995, no pet.). An appointed attorney must withdraw from a frivolous appeal by filing a motion to withdraw and a brief in support of the motion. *Id.* The brief is commonly known as an *Anders* brief. *Id.* The purpose of an *Anders* brief is to show counsel performed a conscientious examination of the record and the appeal is so

frivolous that the indigent appellant should be denied his right to appointed counsel on appeal. *Id.*

While *Anders* was originally applicable only to criminal convictions, it has been extended to juvenile proceedings and cases in which parental rights were terminated. *See, e.g., In re D.A.S.,* 973 S.W.2d 296, 299 (Tex.1998) (juvenile proceedings); *In re K.M.,* 98 S.W.3d 774, 775 (Tex.App.-Fort Worth 2003, no pet.) (termination of parental rights). In both situations, the reviewing courts focused on the fact that the legislature had provided indigent litigants a statutory right to counsel on appeal. *See D.A.S.,* 973 S.W.2d at 298; *K.M.,* 98 S.W.3d at 776. Therefore, juveniles and persons appealing the termination of their parental rights are entitled to a diligent and thorough review of the trial record and identification of arguable issues. *See D.A.S.,* 973 S.W.2d at 298; *K.M.* 98 S.W.3d at 776. Extending *Anders* to these kinds of cases protected appellants' rights to counsel on appeal and allowed appointed appellate attorneys to fulfill their obligation not to prosecute frivolous appeals. *See D.A.S.,* 973 S.W.2d at 299; *K.M.,* 98 S.W.3d at 776–77.

The legislature has provided indigent petitioners the right to appeal the trial court's decision on motions for post-conviction DNA testing. TEX.CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp.2003). This statutory right includes representation by appointed counsel on appeal of the ruling. *See Gray v. State,* 69 S.W.3d 835, 837 (Tex.App.-Waco 2002, no pet.). Attorneys appointed to represent a petitioner in an appeal of a trial court's ruling on petitioner's motion for post-conviction DNA testing could be faced with a situation where,

---

1. The record reflects the underlying offense for which appellant was convicted was aggravated sexual assault of a child.

in their professional opinion, the appeal is frivolous. Extending *Anders* to encompass appeals from a trial court's ruling on a post-conviction motion for DNA testing would allow attorneys to perform their professional obligation to withdraw from a frivolous appeal while still protecting the petitioner's right to counsel on appeal. Therefore, we conclude the principles of *Anders* should be extended to include proceedings under Chapter 64 of the code of criminal procedure.

### Showing a Conscientious Examination of the Record

Having concluded *Anders* should be extended to appeals under chapter 64, we must now determine the standards by which we will assess *Anders* briefs filed in such appeals. The issues presented in chapter 64 appeals are different from those presented in ordinary criminal appeals. *See Jeffery*, 903 S.W.2d at 779 (listing five issues that should be addressed in *Anders* briefs in criminal cases). Because post-conviction motions for DNA testing are governed by statutes, the starting point for any review of a decision under those statutes is the statutes themselves.

Article 64.01 requires the motion for post-conviction forensic DNA testing of evidence containing biological material to be accompanied by a sworn affidavit of the convicted person containing statements of fact supporting the motion. TEX.CODE CRIM. PROC. ANN. art. 64.01(a); *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex.Crim.App. 2002) (motion must specify evidence and provide statements of fact to demonstrate entitlement to relief requested). DNA testing may be performed only on evidence secured in relation to the offense that is the basis of the challenged conviction and in the State's possession at the time of trial, but only if the evidence was not previously subjected to DNA testing or if

better and more accurate and probative tests have been developed since the original testing. *See* TEX.CODE CRIM. PROC. ANN. art. 64.01(b). Upon the filing of an article 64.01 motion, the trial court shall provide the State with a copy of the motion. *See id.* art. 64.02(1). The State shall either deliver the evidence to the court or explain in writing why it cannot deliver the evidence to the court. *Id.* art. 64.02(2); *Cravin v. State*, 95 S.W.3d 506, 509 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). The petitioner must establish by a preponderance of the evidence that there is a reasonable probability he would not have been prosecuted or convicted if exculpatory evidence had been obtained through DNA testing and the request for DNA testing is not made to unreasonably delay the execution of sentence or the administration of justice. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(2); *Kutzner v. State*, 75 S.W.3d 427, 440 (Tex.Crim.App.2002). If the petitioner makes the required showing, the court may order DNA testing only if it finds identity was or is an issue in the case, the evidence still exists and is in a testable condition, and the chain of custody of the evidence is sufficient to establish the evidence has not been tampered with, replaced, or altered in any material respect. *See* TEX.CODE CRIM. PROC. ANN. art. 64.03(a)(1). After examining the results of testing ordered under article 64.03, the trial court shall hold a hearing and make a finding as to whether the results are favorable to the petitioner. *See id.* art. 64.04.

Analysis of the relevant statutes reveals there are three stages to a motion for post-conviction DNA testing. The first stage is the motion itself and whether it complies with article 64.01. The second stage is the court's determination of whether there is any biological evidence that should be tested, and whether there is a reasonable probability the evidence would prove the petitioner's innocence.

*See Thompson v. State*, 95 S.W.3d 469, 472 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). The third stage is the trial court's determination of whether the test results are favorable to the petitioner. At any of these three stages, the petitioner may fail to carry his burden of production or persuasion, causing an end to the proceedings.

In reviewing the trial court's decision at any stage, deference is granted to the trial court's determinations of historical facts and application of the law to fact issues that turn on credibility and demeanor. *Rivera v. State*, 89 S.W.3d 55, 59 (Tex. Crim.App.2002) (citing *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997)). Other issues of application of law to fact are reviewed de novo. *Id.*

With the relevant law in mind, we conclude that to perform a conscientious examination of the record in an appeal from a denial of a motion for post-conviction DNA testing, appointed counsel should follow certain standards. First, counsel should examine the petitioner's motion and supporting evidence to determine if they meet the statutory requirements of article 64.01. Second, if applicable, counsel should analyze the State's response to the motion, the trial court's ruling on whether to order DNA testing of the evidence at issue, and any findings made in conjunction with the ruling. Finally, should the court order DNA testing, counsel should analyze whether the trial court erred by concluding the results were not favorable to the petitioner. As required by *Jeffery*, counsel must make appropriate citations to the record and to applicable statutes and case law to show conscientious examination of the record. *See Jeffery*, 903 S.W.2d at 779. Counsel must also pray in her brief the appellate court grant her motion to withdraw. *See id.* at 780.

■ Applying the above standards to counsel's brief, we conclude it presents a professional evaluation of the record showing why there are no arguable grounds to advance. Counsel notes in her brief that appellant did not support his motion for DNA testing with an affidavit as required by article 64.01. Nonetheless, the trial court appointed counsel for appellant and ruled on the merits of appellant's motion. Counsel on appeal reviewed the State's response to the motion, which contained the State's assertion there was no physical evidence collected in conjunction with the case. Appellant's appointed trial counsel told the trial court she had tried to determine whether any biological evidence existed to test, and she could find none. The trial court dismissed appellant's motion, finding: (1) no physical evidence was recovered in the case; (2) reasonable and diligent efforts were made by the State and appellant's trial counsel to locate any such evidence; (3) in fact, no such evidence existed; and (4) the State had no such evidence at the time of trial. Appellant's counsel on appeal then discussed the various legal arguments that could have been made concerning the post-conviction DNA testing statutes had physical evidence existed which could have been tested. Counsel then concluded the record does not show the trial court abused its discretion in making its findings, and appellant has no standing to challenge the validity of the relevant statutes.

We delivered a copy of the brief to appellant and advised him he has a right to file a pro se response. Appellant, however, did not file a pro se response. We have reviewed the record and counsel's brief. We agree the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. We affirm the trial court's order dismissing appellant's motion for post-conviction DNA testing.