webster v. state

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-445-CR

WILLIAM WEBSTER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Appellant William Webster was convicted by a jury of murder in 1979.  On September 10, 2002, appellant filed a motion for post-conviction DNA testing.  After a hearing on November 6, 2002, the trial court denied the motion.  Appellant appeals from the trial court’s order denying his motion for post-conviction DNA testing.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  This court provided appellant the opportunity to file a pro se brief, and appellant has declined to do so.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

Article 64.03 sets forth the requirements that must be met before an applicant is entitled to post-conviction DNA testing.  
Tex. Code Crim. Proc. Ann. 
art. 64.03 (Vernon Supp. 2004)
.  Among these requirements, a convicting court may order forensic DNA testing if the court finds that the evidence still exists and is in a condition making DNA testing possible.  
Id
. art. 64.03(a)(1)(A)(i).  Appellate counsel contends that any appeal from the trial court’s determination would be frivolous because there is no DNA evidence in existence.  We agree.

The trial court held a hearing on appellant’s motion.  At the hearing, the State offered into evidence an affidavit from the custodian of the Forensics Division of the Fort Worth Police Department that stated the whereabouts of the evidence in appellant’s case was unknown.  The State also offered an affidavit from the property custodian for the Fort Worth Police Department, stating that all the evidence relating to appellant’s case was destroyed before article 38.39 of the code of criminal procedure became effective.
  Tex. Code Crim. Proc. Ann
. art. 38.39 (regulating the preservation of DNA evidence). Appellant’s trial counsel also contacted the medical examiner’s office and learned that it did not have any biological evidence from appellant’s case.

As a result of there being no evidence that could be subjected to DNA testing, the trial court did not abuse its discretion in denying appellant’s motion.  
See Murphy v. State
, 111 S.W.3d 846, 849 (Tex. App.—Dallas 2003, no pet.) (holding appeal from order denying DNA testing was frivolous because, among other things, no DNA evidence existed).  Thus, any appeal from the trial court’s order would be frivolous.  Accordingly, we affirm the trial court’s order and grant counsel’s motion to withdraw.

SAM J. DAY

JUSTICE

PANEL F: LIVINGSTON and DAUPHINOT, JJ.; and SAM J. DAY
, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 18, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.