COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-445-CR
 
WILLIAM WEBSTER                                                               APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION 
 


------------
        Appellant William Webster was convicted by a jury of murder in 1979. 
On September 10, 2002, appellant filed a motion for post-conviction DNA 
testing. After a hearing on November 6, 2002, the trial court denied the 
motion. Appellant appeals from the trial court’s order denying his motion for 
post-conviction DNA testing. We affirm. 
        Appellant’s court-appointed appellate counsel has filed a motion to 
withdraw as counsel and a brief in support of that motion. In the brief, counsel 
avers that, in his professional opinion, this appeal is frivolous. Counsel’s brief 
and motion meet the requirements of Anders v. California, 386 U.S. 738, 87 
S. Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief. This court provided 
appellant the opportunity to file a pro se brief, and appellant has declined to do 
so.
        Once appellant’s court-appointed counsel files a motion to withdraw on 
the ground that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and to essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on appellant’s behalf. Stafford v. State, 813 S.W.2d 
503, 511 (Tex. Crim. App. 1991). 
        Article 64.03 sets forth the requirements that must be met before an 
applicant is entitled to post-conviction DNA testing. Tex. Code Crim. Proc. 
Ann. art. 64.03 (Vernon Supp. 2004). Among these requirements, a convicting 
court may order forensic DNA testing if the court finds that the evidence still 
exists and is in a condition making DNA testing possible. Id. art. 
64.03(a)(1)(A)(i).  Appellate counsel contends that any appeal from the trial 
court’s determination would be frivolous because there is no DNA evidence in 
existence. We agree. 
        The trial court held a hearing on appellant’s motion. At the hearing, the 
State offered into evidence an affidavit from the custodian of the Forensics 
Division of the Fort Worth Police Department that stated the whereabouts of 
the evidence in appellant’s case was unknown. The State also offered an 
affidavit from the property custodian for the Fort Worth Police Department, 
stating that all the evidence relating to appellant’s case was destroyed before 
article 38.39 of the code of criminal procedure became effective. Tex. Code 
Crim. Proc. Ann. art. 38.39 (regulating the preservation of DNA evidence). 
Appellant’s trial counsel also contacted the medical examiner’s office and 
learned that it did not have any biological evidence from appellant’s case. 
        As a result of there being no evidence that could be subjected to DNA 
testing, the trial court did not abuse its discretion in denying appellant’s motion. 
See Murphy v. State, 111 S.W.3d 846, 849 (Tex. App.—Dallas 2003, no pet.) 
(holding appeal from order denying DNA testing was frivolous because, among 
other things, no DNA evidence existed). Thus, any appeal from the trial court’s 
order would be frivolous. Accordingly, we affirm the trial court’s order and 
grant counsel’s motion to withdraw. 
 
 
                                                          SAM J. DAY 
                                                          JUSTICE

PANEL F:   LIVINGSTON and DAUPHINOT, JJ.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: December 18, 2003