Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00871-CR

____________

 

CHARLES LOPEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District
Court 

Harris County,
Texas

Trial Court Cause No.
839,211

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings six issues challenging the
trial court=s findings.  Because all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm.

 

 








Background

On May 23, 2003, appellant, through his
appointed counsel, filed a post-conviction motion for DNA testing requesting
testing of all biological material in the State=s possession from
his trial and conviction in 2000 for sexual assault.[1]  The State responded to appellant=s motion and
provided affidavits and supporting documentation concerning the condition of
the evidence.  The trial court made
findings that the Houston Police Department Crime Lab conducted DNA testing of
evidence in this case, and the DNA detected on the vaginal swab from the
complainant and her clothing was consistent with the DNA of the defendant.[2]  The court further found that appellant failed
to demonstrate the previously tested materials could be retested with newer,
more accurate techniques.  See Tex. Code Crim. Proc. Ann. art.
64.01(b)(2) (Vernon Supp. 2004).  Finally, the court found that the trial record
and direct appeal opinion from this court established appellant admitted he had
intercourse with the complainant; therefore, identity was or is not an issue in
this case.  Accordingly, the court denied
testing by written order containing its findings and conclusions signed July
30, 2003.  Appellant filed a timely,
written notice of appeal.  

Standard of Review and Applicable Law








We review a trial court=s decision to deny
a motion for post-conviction DNA testing under a bifurcated standard of review.
 Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  Accordingly, we
afford almost total deference to the trial court=s determination of
issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA testing may be
ordered, certain criteria set forth in the statute must be established:

(a) 
A convicting court may order forensic DNA testing under this chapter
only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a
condition making DNA testing possible; 
and

(ii) has been subjected to a chain
of custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect;  and

(B) identity was or is an issue in
the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; 
and

(B) the request for the proposed
DNA testing is not made to unreasonably delay the execution of sentence or
administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001 Tex. Gen.
Laws 2 (amended 2003) (current version at
Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004)).[3]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

 








Dispositive Issue

Appellant asserts in his fourth point of
error that the trial court erred in finding identity was not or is not an issue
in this case.  See Tex. Code Crim. Proc. Ann. art.
64.03(a)(1)(B).  Appellant=s motion was
defective and did not comply with article 64.01 because he did not assert or
establish below that identity was an issue. 
Appellant admitted at trial he had sexual intercourse with the
complainant and admitted that his semen was taken from her.  Lopez, slip op. at 3.  On appeal, he argues that this admission
does not eliminate identity as an issue because he did not admit sexually
assaulting the complainant.  He argues
that new DNA testing might exclude him as the person who sexually assaulted
her.  Identity must be in question
without considering the possible results of DNA testing.  See Bell, 90 S.W.3d at 308 (AChapter 64
requires that identity >was or is= an issue, not
that future DNA testing could raise the issue.@).  We hold the trial court did not err in
finding that identity was not or is not an issue in the case.  Although this finding alone is a sufficient
basis for the trial court to deny DNA testing, a brief discussion of appellant=s remaining issues
follows.  See Bell, 90
S.W.3d at 306 (holding trial court is not required to grant request for
DNA testing unless statutory preconditions are met).  

Appellant=s Remaining Issues

In his remaining five issues, appellant makes a consolidated
argument that the trial court erred in finding he did not satisfy the
conditions of article 64.03 of the Code of Criminal Procedure. 

The trial court found that the defendant failed to
demonstrate the evidence in this case can be subjected to DNA testing with
newer testing techniques that provide a reasonable likelihood of results that
are more accurate and probative than the results of the previous tests.  See Tex.
Code Crim. Proc. Ann. Art. 64.01(b)(2). 
Appellant=s only argument is that he was not required to produce any
evidence because the State must have already made such a showing when it had
the evidence retested in 2003.  








The trial court is entitled to make its
determination based solely upon appellant=s motion and
supporting affidavit.  Rivera, 89
S.W.3d at 58-59.  Appellant bears the
burden of production or persuasion at each stage under Chapter 64.  Murphy v. State, 111 S.W.3d 846, 849
(Tex. App.CDallas 2003, no pet.).  Appellant=s motion and
affidavit failed to offer any relevant evidence or argument to support its
contentions.  We hold the trial court did not err
in finding appellant failed to demonstrate evidence in this case can be
subjected to newer, more accurate DNA testing. 
We overrule appellant=s first issue.

In his second and third issues, appellant asserts the trial
court erred in finding appellant failed to establish evidence exists in a
condition permitting testing and it has a sufficient chain of custody.  See Tex.
Code Crim. Proc. Ann. arts. 64.03(a)(1)(A)(i), 64.03(a)(1)(A)(ii).  In light of the trial court=s other findings negating new
testing, its failure to find the evidence still exists in testable condition
with a sufficient chain of custody is immaterial.  Accordingly, we overrule issues two and
three.

In his fifth issue, appellant asserts the court erred in
finding that he failed to establish by a preponderance of the evidence that he
would not have been prosecuted or convicted if exculpatory results had been
obtained.  See Tex. Code Crim. Proc. Ann. art. 64.03(a)(2)(A). 
The Texas Court of Criminal Appeals has interpreted this part of the
statute Ato mean a reasonable probability
exits that exculpatory DNA tests will prove a convicted person=s innocence.@ 
Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002).  








In this case, evidence that appellant=s DNA was not present could Amerely muddy the waters.@ 
See Kutzner, 75 S.W.3d at 439 (recognizing the Act=s legislative history shows it
was  meant to Aensure that a favorable [DNA] test
would show that an inmate is innocent, not merely muddy the waters in the case@). 
Appellant admitted to sexual intercourse with the complainant, and we
will not disturb the credibility determination regarding her testimony that the
sex was not consensual.  The trial court
did not err in denying DNA testing because appellant failed to prove, by a
preponderance of the evidence, that a reasonable probability exists that he
would not have been prosecuted or convicted if exculpatory DNA results had been
obtained.  We overrule appellant=s fifth issue.

Finally, appellant asserts the trial court erred in finding
in the negative that the request for DNA testing was not made to unreasonably
delay the execution of sentence or administration of justice.  See Tex.
Code Crim. Proc. Ann. Art. 64.03(a)(2)(B).  Appellant=s only argument is that he has been
in continuous custody since his arrest in 1999, and he is entitled to request
DNA testing under the statute.  Because
the evidence had been recently tested by an independent laboratory and the earlier
results confirmed, the trial court did not err in its implied finding that
further testing would delay the administration of justice.  Appellant=s sixth issue is overruled.

Accordingly, the judgment of the trial
court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed March 16, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]  This court
affirmed appellant=s conviction.  See
Lopez v. State, No. 14-00-00981-CR (Tex. App.CHouston
[14th Dist.] Nov. 1, 2001, pet. ref=d) (not
designated for publication).  





[2]  The record
further reflects that the evidence was retested by Identigene in 2003, and
retesting confirmed the DNA was consistent with appellant=s DNA. 
Appellant=s counsel at the hearing on his DNA motion admitted Athis whole thing is moot in light of the retesting.@  Nonetheless,
appellate counsel has brought this appeal. 






[3]  The 2003
amendment to article 64.03(a)(2)(A) applies to motions filed on or after
September 1, 2003, and are inapplicable here. 
All subsequent citations will be to the original statute in effect at
the time appellant=s motion was filed.