Affirmed and Memorandum Opinion filed March 16, 2004









Affirmed and Memorandum Opinion filed March 16, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00592-CR

____________

 

VALENTINE
FACUNDO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 177th District
Court 

Harris County,
Texas

Trial Court Cause No.
698,837

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial of
appellant=s post-conviction motion for DNA testing
under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings three issues challenging the
trial court=s findings.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  We affirm.

 

 

 








Background

Appellant filed a post-conviction motion
for DNA testing alleging that at the time of his trial and conviction for
sexual assault of a child, the State possessed DNA samples that were never
analyzed, and he requested the trial court order the State to produce the
evidence for testing pursuant to article 64.02(2)(B) of the Texas Code of
Criminal Procedure.  The trial court
appointed counsel to represent appellant. 
See Tex. Code Crim. Proc.
Ann. art. 64.01(c) (Vernon Supp. 2004). 
The State responded to appellant=s motion and
provided affidavits and supporting documentation of the condition of the
evidence.  The trial court made findings
that there was no showing that evidence still exists in a condition making DNA
testing possible or that identity was or is an issue in this case.  See Tex.
Code Crim. Proc. Ann. arts. 64.03(a)(1)(A)(i), 64.03(a)(1)(B) (Vernon
Supp. 2004).  Accordingly, the court
denied testing by written order containing its findings and conclusions signed
December 19, 2002.  Appellant filed a
timely, written notice of appeal.  

Standard of Review and Applicable Law

We review a trial court=s decision to deny
a motion for post-conviction DNA testing under a bifurcated standard of review.
 Rivera v. State, 89 S.W.3d 55, 59
(Tex. Crim. App. 2002).  Accordingly, we
afford almost total deference to the trial court=s determination of
issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA testing may be
ordered, certain criteria set forth in the statute must be established:

(a) 
A convicting court may order forensic DNA testing under this chapter
only if:

(1) the court finds that:

(A) the evidence:








(i) still exists and is in a
condition making DNA testing possible; 
and

(ii) has been subjected to a chain
of custody sufficient to establish that it has not been substituted, tampered
with, replaced, or altered in any material respect;  and

(B) identity was or is an issue in
the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable probability exists
that the person would not have been prosecuted or convicted if exculpatory
results had been obtained through DNA testing; 
and

(B) the request for the proposed
DNA testing is not made to unreasonably delay the execution of sentence or
administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001 Tex. Gen.
Laws 2 (amended 2003) (current version at
Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp. 2004)).[1]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Dispositive Issue

The convicting court must find that Aidentity is or was
an issue in the case.@  Tex. Code Crim. Proc. Ann. Art.
64.03(a)(1)(B) (Vernon Supp. 2004).  In
this case, appellant=s motion was defective and did not comply
with article 64.01.  Appellant did not
assert or establish below that identity was an issue.  On appeal, he does not challenge the trial
court=s finding that
identity was not and is not an issue in this case.  Although that deficiency alone is a
sufficient basis for the trial court to deny DNA testing, a discussion of
appellant=s issues follows.

 








Appellant=s Issues

In his first issue, appellant asserts the
trial court erred in finding he failed to establish evidence still exists and
is in a condition making DNA testing possible. 
See Tex. Code Crim. Proc.
Ann. Art. 64.03(a)(1)(A) (Vernon Supp. 2004).  In his third issue, he complains that the
trial court erred in failing to require the State to produce the existing
evidence in court.  See Tex. Code Crim. Proc. Ann. Art.
64.02(2) (Vernon Supp. 2004).  

The trial court is entitled to make its
determination based solely upon appellant=s motion and
supporting affidavit.  Rivera, 89
S.W.3d at 58-59.  Appellant bears the
burden of production or persuasion at each stage under Chapter 64.  Murphy v. State, 111 S.W.3d 846, 849
(Tex. App.CDallas 2003, no pet.).  Appellant=s motion and
affidavit failed to offer any relevant evidence or argument to support the
existence of testable DNA material.  He
merely asserted the State continues to possess biological material related to
the crime for which he was convicted. 

Appellant asserts that the trial court=s findings are not
supported because the State submitted a supplemental response and supporting
affidavit correcting its initial response. 
Initially, the documentation from the records department showed that the
evidence had been destroyed.  Upon
further investigation, it was discovered that the evidence had not been
destroyed, but that it previously had been tested.  The State provided an affidavit, supported by
a property and evidence report, that lab analysis shows the existing sexual
assault kit and clothing already had been tested and no semen was found
present.  The trial court resolved the
conflicting evidence, as reflected in its findings that the sexual assault kit
and clothing had been returned to the Houston Police Department Crime
Laboratory after testing found no semen was present.  We give almost total deference to the trial
court=s determination of
credibility.  See Rivera, 89
S.W.3d at 59.








Accordingly, appellant failed to meet his
burden and the trial court did not err in failing to require the State to
produce the evidence in court or in failing to find biological evidence exists
for testing.  Appellant=s first and third
issues are overruled.

In his second issue, appellant asserts the
trial court erred in ruling the interests of justice do not require
testing.  The trial court made no such
finding.  As we have held above, the
trial court did not err in denying appellant=s motion because
he failed to meet his burden under Chapter 64 of the Texas Code of Criminal
Procedure.  See Bell, 90 S.W.3d at
306. Appellant=s second issue is overruled.

Accordingly, the judgment of the trial
court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed March 16, 2004.

Panel consists
of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not Publish C Tex. R.
App. P. 47.2(b).











[1]  The 2003
amendment to article 64.03(a)(2)(A) applies to motions filed on or after
September 1, 2003, and are inapplicable here. 
All subsequent citations will be to the original statute in effect at
the time the motion was filed.