Affirmed and Memorandum Opinion filed April 8, 2004









Affirmed and Memorandum Opinion filed April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01063-CR

____________

 

KENNETH
MICHAEL GADDY, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court 

Harris
County, Texas

Trial Court Cause No. 489,359

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial
of appellant=s post-conviction motion for DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings six issues challenging the
denial of his motion and the constitutionality of the proceedings.  Because all dispositive issues are clearly settled in law, we
issue this memorandum opinion.  See
Tex. R. App. P. 47.1.  We affirm.

 








Background

In November of 2001, appellant
filed a post-conviction motion requesting, inter alia, DNA testing of
bloody clothing in the State=s
possession from his 1988 trial and conviction for murder.[1]  The trial court appointed counsel to
represent appellant.  See Tex. Code Crim. Proc. Ann. art.
64.01(c) (Vernon Supp. 2004).  The State
responded to appellant=s motion
and provided affidavits and supporting documentation of the condition of the
evidence.  The trial court made findings
that appellant failed to establish 
evidence still exists in a condition making DNA testing possible or that
a reasonable probability exists that he would not have been prosecuted or
convicted if exculpatory results had been obtained through DNA testing.  See Tex.
Code Crim. Proc. Ann. arts. 64.03(a)(1)(A)(i), 64.03(a)(2)(A) (Vernon
Supp. 2004).  Accordingly, the court
denied testing by written order containing its findings and conclusions signed
August 25, 2003.  Appellant filed a
timely, written notice of appeal.  

Standard of Review and Applicable
Law

We review a trial court=s
decision to deny a motion for post-conviction DNA testing under a bifurcated
standard of review.  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
Accordingly, we afford almost total deference to the trial court=s
determination of issues of historical fact and the application of law to the
fact issues that turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA
testing may be ordered, certain criteria set forth in the statute must be
established:

(a)  A convicting court may order forensic DNA
testing under this chapter only if:








(1) the court finds that:

(A) the evidence:

(i) still exists and is in
a condition making DNA testing possible; 
and

(ii) has been subjected to
a chain of custody sufficient to establish that it has not been substituted,
tampered with, replaced, or altered in any material respect;  and

(B) identity was or is an
issue in the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable
probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing;  and

(B) the request for the
proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp.
2004)).[2]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Appellant=s Issues

In his first four issues, appellant argues the trial court
violated his constitutional rights under the Sixth and Fourteenth Amendments of
the U.S. Constitution and Article I, Section 10 of the Texas Constitution by (1)
conducting a final hearing on the motion without his presence, and (2) denying
him the opportunity to confront and cross-examine witnesses.  

 








The First Court of Appeals considered the same issues in Cravin
v. State, 95 S.W.3d 506, 510 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d), and held them to be without
merit.  We have followed the reasoning of
our sister court in addressing these issues. 
See Thompson v. State, 123S.W.3rd 781, 784 (Tex. App.C Houston [14th Dist.]
2003, no pet.)  We hold appellant=s claims are groundless and overrule
issues one through four.

In his fifth issue, appellant argues that the trial court
erred in considering inadmissible hearsay affidavits submitted by the
State.  No hearing is required before a
trial court makes its determination under article 64.03 whether to order
forensic DNA testing.  See Rivera v.
State, 89 S.W.3d 55, 58 (Tex. Crim. App. 2002).  The statute specifically contemplates a
post-conviction proceeding with submission of affidavits from the applicant and
a written response from the State, rather than an evidentiary hearing.  See Tex.
Code Crim. Proc. Ann. arts. 64.01(a), 64.02(2)(B)(Vernon Supp.
2004).  Moreover, the State is not
required to file affidavits with its response to an applicant=s motion
for DNA testing; the court may reach a decision based solely on the convicted
person=s motion
and affidavit and the State=s
response.  Cravin, 95 S.W.3d at
509.  Therefore, the trial court=s
decision need not be based on the State=s
affidavits.  We overrule appellant=s fifth issue.  








In his sixth issue, appellant contends the trial court erred
in denying his motion for DNA testing because the State failed to establish
that the requested materials were no longer in its possession.  Upon the filing of an article 64.01 motion,
the trial court is required to provide the State with a copy of the
motion.  See Tex. Code Crim. Proc. Ann. art. 64.02(1). (Vernon Supp.
2004).  The State then is required to
either deliver the evidence to the court or explain in writing why it cannot
deliver the evidence to the court.  Id.
art. 64.02(2);  Cravin, 95 S.W.3d
at 509.  In response to appellant=s motion, the State explained that
the evidence from appellant=s trial had been destroyed. 
The State provided affidavits from the medical examiner=s office, the Harris County District
Clerk=s Office and the Houston Police
Department Crime Lab and the Department=s Property Room, stating that the
requested materials were not in their possession.  The District Clerk=s office provided an affidavit from
its Exhibit Clerk stating that her office had destroyed the evidence in its
possession related to appellant=s case in 1999.  The
HPD property and records custodian also stated that the evidence had been
destroyed.  

The trial court is entitled to make its determination based
solely upon appellant=s motion and supporting affidavit.  Rivera, 89 S.W.3d at 58-59.  Appellant bears the burden of production or
persuasion at each stage under Chapter 64. 
Murphy v. State, 111 S.W.3d 846, 849 (Tex. App.CDallas 2003, no pet.).  Appellant=s motion and affidavit failed to
offer any relevant evidence or argument to support its contentions that
evidence still exists.  A court may order
post-conviction DNA testing only if the court finds that the evidence still
exists in a condition making DNA testing possible.  Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004).  The court found appellant failed to meet his
burden to establish this requirement.  See
Cravin, 95 S.W.3d at 510.  We
hold the trial court did not err in so finding and overrule appellant=s sixth issue.

Accordingly, the judgment of the
trial court is affirmed.[3]

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed April 8, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not
Publish C
Tex. R. App. P.
47.2(b).

 

 











[1]  This court
affirmed appellant=s conviction.  See
Gaddy v. State, No.14-88-00550-CR (Tex. App.CHouston
[14th Dist.] July 13, 1989, pet. ref=d) (not
designated for publication).  





[2]  The 2003
amendment to article 64.03(a)(2)  applies
to motions filed on or after September 1, 2003, and are inapplicable here.  All subsequent citations will be to the
statute in effect at the time appellant=s motion
was filed.





[3]  Moreover,
appellant offered no evidence tending to show a reasonable probability that
exculpatory DNA testing would prove his innocence.  See Kutzner v. State, 75 S.W.3d 427,
438 (Tex. Crim. App. 2002).  The trial
court=s decision could be affirmed on this basis alone.