Affirmed and Memorandum Opinion filed April 8, 2004









Affirmed and Memorandum Opinion filed April 8, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01297-CR

____________

 

EARL
SILAS BINGLEY, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court 

Harris
County, Texas

Trial Court Cause No. 407,360

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal from the denial
of appellant=s post-conviction motion for DNA
testing under Chapter 64 of the Texas Code of Criminal Procedure.  Appellant brings three issues challenging the
trial court=s findings and his appointed
counsel=s
representation.  Because all dispositive issues are
clearly settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.1.  We affirm.

 








Background

In May of 2002, appellant filed a
post-conviction motion for DNA testing requesting testing of all biological
material in the State=s
possession from his trial and conviction in 1985 for aggravated sexual assault
of a child.[1]  The motion noted that appellant=s defense
at trial had been that of alibi and misidentification.  Thus, identity of the perpetrator was an
issue at trial.  The State responded to
appellant=s motion and provided affidavits
and supporting documentation that the evidence had been destroyed.  The trial court made findings that neither
the Houston Police Department Crime Lab nor the Harris County District Clerk=s Office
had evidence from this case.  The court
also found appellant had failed to meet his burden to establish that evidence
containing biological material still exists and is in a condition making DNA
testing possible and that
he would not have been prosecuted or convicted if exculpatory results had been
obtained.  Accordingly, the court denied
testing by written order containing its findings and conclusions signed July
18, 2003.  Appellant filed a timely,
written notice of appeal.  

Standard of Review and Applicable
Law

We review a trial court=s
decision to deny a motion for post-conviction DNA testing under a bifurcated
standard of review.  Rivera v. State,
89 S.W.3d 55, 59 (Tex. Crim. App. 2002). 
Accordingly, we afford almost total deference to the trial court=s determination
of issues of historical fact and the application of law to the fact issues that
turn on an evaluation of credibility and demeanor.  Id.  However, we review de novo the ultimate
question of whether the trial court was required to grant
a motion for DNA testing under Chapter 64 of the Texas Code of Criminal
Procedure.  See id.

Before post-conviction DNA
testing may be ordered, certain criteria set forth in the statute must be
established:








(a)  A convicting court may order forensic DNA
testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in
a condition making DNA testing possible; 
and

(ii) has been subjected to
a chain of custody sufficient to establish that it has not been substituted,
tampered with, replaced, or altered in any material respect;  and

(B) identity was or is an
issue in the case;  and

(2) the convicted person
establishes by a preponderance of the evidence that:

(A) a reasonable
probability exists that the person would not have been prosecuted or convicted
if exculpatory results had been obtained through DNA testing;  and

(B) the request for the
proposed DNA testing is not made to unreasonably delay the execution of
sentence or administration of justice.

Act of April 5, 2001, 77th Leg. R.S., ch. 2, ' 2, 2001
Tex. Gen. Laws 2 (amended 2003) (current version at Tex. Code Crim. Proc. Ann. art. 64.03(a) (Vernon Supp.
2004)).[2]  By its explicit terms, Chapter 64 does not
require the trial court to grant a request for DNA testing unless the statutory
preconditions are met.  Bell v. State,
90 S.W.3d 301, 306 (Tex. Crim. App. 2002).

Appellant=s Issues








In his first two issues, appellant argues that the trial
court erred in finding he did not satisfy the conditions of article 64.03 of
the Code of Criminal Procedure. 
Specifically, he asserts that the court erred when it found that no
evidence containing biological material existed because the State did not
explain the reason for the destruction of evidence.  He also asserts the court erred in finding he
failed to show a reasonable probability that exculpatory DNA test results would
prove his innocence. 

Upon the filing of an article 64.01 motion, the trial court
is required to provide the State with a copy of the motion.  See Tex.
Code Crim. Proc. Ann. art. 64.02(1). (Vernon Supp. 2004).  The State then is required to either deliver
the evidence to the court or explain in writing why it cannot deliver the
evidence to the court.  Id. art.
64.02(2);  Cravin v. State, 95
S.W.3d 506, 509 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  In response to appellant=s motion, the State explained that
the evidence from appellant=s trial had been destroyed. 
The State provided affidavits from the Harris County District Clerk=s Office and the Houston Police
Department Crime Lab stating that the requested materials were not in their
possession.

The trial court is entitled to
make its determination based solely upon appellant=s motion
and supporting affidavit.  Rivera,
89 S.W.3d at 58-59.  Appellant bears the
burden of production or persuasion at each stage under Chapter 64.  Murphy v. State, 111 S.W.3d 846, 849
(Tex. App.CDallas 2003, no pet.).  Appellant=s motion
and affidavit failed to offer any relevant evidence or argument to support its
contentions that evidence still exists.  The State must explain why it cannot
produce the evidence; there is no requirement, however, that the State explain
why the evidence was destroyed.  A court
may order post-conviction DNA testing only if the court finds that the evidence
still exists in a condition making DNA testing possible.  Tex.
Code Crim. Proc. Ann. art. 64.03(a)(1)(A)(i) (Vernon Supp. 2004).  The court found appellant failed to meet his
burden to establish this requirement.  See
Cravin, 95 S.W.3d at 510.  We
hold the trial court did not err in so finding and overrule appellant=s first issue.








In his second issue, appellant asserts the trial court erred
in finding that he failed to establish by a preponderance of the evidence that
he would not have been prosecuted or convicted if exculpatory results had been
obtained.  See Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A).  The Texas Court of Criminal Appeals has
interpreted this part of the statute Ato mean a reasonable probability
exits that exculpatory DNA tests will prove a convicted person=s innocence.@ 
Kutzner v. State, 75 S.W.3d 427, 438 (Tex. Crim. App. 2002).  

In this case, appellant offered no evidence tending to show a
reasonable probability that exculpatory DNA testing would prove his
innocence.  His only assertion is that
identity was an issue at trial; therefore, Aexculpatory DNA test results could
result in a reasonable probability of the Defendant=s innocence.@ 
Appellant has not correctly articulated the standard as defined in Kutzner.  Appellant must demonstrate that a reasonable
probability exists that exculpatory DNA tests will prove his
innocence.  See id.  Any exculpatory inference will not
necessarily conclusively outweigh other evidence establishing appellant=s guilt.  Rivera, 89 S.W.3d at 60.  The complainant positively identified
appellant as the perpetrator both in court and at a pretrial lineup.  Bingley, No. 14-85-00588-CR, slip op.
at 1-2.  She testified she knew appellant
and had seen him several times before.  Id.
at 2.  Here, without more, any evidence
that appellant=s DNA was not present could Amerely muddy the waters.@ 
See Kutzner, 75 S.W.3d at 439 (recognizing the Act=s legislative history shows it was
meant to Aensure that a favorable [DNA] test
would show that an inmate is innocent, not merely muddy the waters in the case@). 
The trial court did not err in denying DNA testing because appellant
failed to prove, by a preponderance of the evidence, that a reasonable
probability exists that he would not have been prosecuted or convicted if
exculpatory DNA results had been obtained. 
We overrule appellant=s second issue.








In his third issue, appellant
complains that his appointed counsel rendered ineffective assistance at the
hearing on his DNA motion because he failed to request that a court reporter
transcribe the hearing.  The Texas Court
of Criminal Appeals has not decided whether an appellant may raise a claim of
ineffective assistance arising from a hearing under Chapter 64.  See Bell, 90 S.W.3d at 307.  We need not do so in this case.  Assuming, arguendo, that such a claim
may be raised, to prevail on his claim appellant must first prove, by a
preponderance of the evidence, that his counsel's representation fell below the
objective standard of professional norms. 
See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052
(1984);  Mitchell v. State, 68
S.W.3d 640, 642 (Tex. Crim. App. 2002). 
He must then show that this deficient performance prejudiced his
defense.  See Strickland, 466 U.S.
at 687, 104 S.Ct. at 2052.  Appellate
review of defense counsel=s
representation is highly deferential and presumes that counsel=s actions
fell within the wide range of reasonable and professional assistance.  Mallett v. State, 65 S.W.3d 59, 63
(Tex. Crim. App. 2001).  Generally, the
record on a direct appeal will be inadequate to determine whether counsel=s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel=s conduct
was reasonable and professional.  Mitchell, 68 S.W.3d at 642; Mallett,
65 S.W.3d at 64-65.

Here, there is nothing in the
record to show that counsel=s conduct
was the product of unsound or unreasonable strategy or that there is a fair
probability that his conduct led to an unreliable or unjust result.  Appellant does not assert that any additional
evidence was heard at a hearing.  In
fact, appellant=s counsel
acknowledges in his brief that Aa formal
hearing was not held.@  The trial court is entitled to make its
determination based solely upon appellant=s motion
and supporting affidavit.  Rivera,
89 S.W.3d at 58-59.  Thus, no hearing is
required and no record from a hearing is necessary when the court has based its
findings on the parties=
affidavits.  Our record does not show
that the alleged error had any impact on the court=s ruling
or our review, nor does it show that a record of the hearing would have made
any difference in the outcome of this appeal therefore, we overrule appellant=s third
issue.  

Accordingly, the judgment of the
trial court is affirmed.

 

PER CURIAM

 

Judgment
rendered and Memorandum Opinion filed April 8, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.  

Do Not
Publish C
Tex. R. App. P.
47.2(b).

 

 











[1]  This court
affirmed appellant=s conviction.  See
Bingley v. State, No. 14-85-00488-CR (Tex. App.CHouston [14th Dist.] June 5, 1986, no pet.) (not
designated for publication).  





[2]  The 2003
amendment to article 64.03(a)(2)(A) applies to motions filed on or after
September 1, 2003, and are inapplicable here. 
All subsequent citations will be to the original statute in effect at
the time appellant=s motion was filed.