In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-239 CR


NO. 09-04-240 CR


NO. 09-04-241 CR


____________________



ROLAND LEE HARRINGTON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Cause Nos. 21,175, 21,176 and 21,177






MEMORANDUM OPINION (1)


 Roland Lee Harrington appeals the trial court's denial of a post-conviction motion
for DNA testing. The court based its order on its finding that there was no biological
material recovered as evidence in the three causes. On appeal, Harrington's appointed
counsel concludes this appeal presents no error which would arguably support an appeal.
See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Murphy v. State, 111 S.W.3d 846, 847-48 (Tex. App.--Dallas 2003, no pet.). On August 12, 2004, we granted an extension of
time for Harrington to file a pro se brief. On January 14, 2005, Harrington filed a
response in which he complains that the trial notes of his criminal proceeding may not have
been preserved. No issue relating to preservation of the court reporter's trial notes was
presented to the trial court, so the complaint is not preserved for appellate review. Tex.
R. App. P. 33.1. 

 In 1996, Harrington pleaded guilty to two indictments for indecency with a child
by contact and one indictment for aggravated sexual assault of a child by penetration. In
each case, Harrington executed a judicial confession and stipulation of evidence, although
in the aggravated sexual assault case the confession and stipulation addressed only one of
the two means of commission alleged in the corresponding indictment. In all three cases,
the trial court convicted and sentenced Harrington in accordance with the plea bargain
agreement. 

 In 2004, Harrington filed a pro se motion for DNA testing in all three cases. The
motion is not accompanied by his affidavit and does not allege that identity was an issue
in the cases. See Tex. Code Crim. Proc. Ann. arts. 64.01(a); 64.03(b) (Vernon Supp.
2005). Harrington filed an application to proceed in forma pauperis and requested
appointment of counsel. The trial court appointed counsel on January 7, 2004. The
State's response, supported by affidavits from two sheriff's deputies, alleged "No evidence
containing biological material was secured in relation to the offenses for which appellant
was convicted. . . ." The trial court adopted Harrington's proposed findings of fact, which
found there was no biological material recovered as evidence in the three causes, and
denied the motion for forensic testing. 

 A convicting court may order forensic DNA testing under Chapter 64 only if the
court finds that the evidence still exists, is in a condition making DNA testing possible, 
has been subjected to a sufficient chain of custody, and that identity was or is an issue in
the case. Tex. Code Crim. Proc. Ann. art. 64.03(a)(1) (Vernon Supp. 2005). In this
case, it is not arguable that the trial court erred in denying the motion for DNA testing
because the record gives no indication of the existence of any testable evidence. 

 We have reviewed the clerk's record and find no arguable error requiring us to
order appointment of new counsel. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on January 27, 2005

Opinion Delivered February 2, 2005

Do Not Publish

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Tex. R. App. P. 47.4.