

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00060-CR
_____

JOSE JUAN JUAREZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 24,070-2019

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Jose Juan Juarez pled guilty to and was convicted of possession of less than one gram of methamphetamine. Pursuant to a plea bargain agreement with the State, Juarez pled true to two punishment enhancement allegations and was sentenced to four years' imprisonment. Juarez now appeals the trial court's order denying his motion for post-conviction DNA testing. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01. We affirm the trial court's order.

Juarez's attorney has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*.[1] *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On June 30, 2022, counsel mailed to Juarez copies of the brief, the appellate record, and the motion to withdraw. Juarez was informed of his rights to review the record and file a pro se response. By letter dated June 30, this Court informed Juarez that any pro se response was due on or before August 1. On August 18, this Court further informed Juarez that the case would be

---

[1]"[T]he principles of *Anders* should be extended to include proceedings under Chapter 64 of the code of criminal procedure." *Murphy v. State*, 111 S.W.3d 846, 848 (Tex. App.—Dallas 2003, no pet.).

set for submission on the briefs on September 8. We received neither a pro se response from Juarez nor a motion requesting an extension of time in which to file such a response.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court. *Id.*

We affirm the trial court's order denying the motion for post-conviction DNA testing.[2]

Scott E. Stevens
Justice

Date Submitted:     September 8, 2022
Date Decided:       September 9, 2022

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.