# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00185-CR

**John Slaughter, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-98-983649, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2000, John Slaughter was convicted of the offense of aggravated sexual assault and sentenced to imprisonment for life. *See* Tex. Penal Code §§ 12.32, 22.011, .021. Years later, Slaughter filed a motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 64.01-.05. After reviewing the motion and the State's response, the trial court ordered that the following evidence be submitted to testing: samples from the rectal swabs collected from the victim and two pubic hairs found in between the victim's buttocks. Subsequent testing on the rectal swab could not exclude Slaughter as a contributor and produced the following result: "The DNA profile from the sperm cell fraction . . . is interpreted as a mixture of 2 individuals with [the victim] as an assumed contributor. Obtaining this sample is 8.02 sextillion times more likely than if the DNA came from [the victim] and John Slaughter than if the DNA came from [the victim] and one unrelated, unknown individual." Subsequent testing on the pubic hair concluded that the DNA came from a single

individual, excluded the victim as a contributor, and produced the following results: "Obtaining this [DNA] profile is 39,900 [times] more likely if the DNA came from John Slaughter than if the DNA came from an unrelated, unknown individual."

Following a hearing, the trial court issued an order finding that the DNA testing results are inculpatory and not favorable to Slaughter and that if the results had been available during trial, it is reasonably probable that he would still have been convicted. *See id.* art. 64.04. Slaughter appeals the trial court's order. *See id.* art. 64.05. Slaughter's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *see also Murphy v. State*, 111 S.W.3d 846, 848 (Tex. App.—Dallas 2003, no pet.) (concluding that "the principles of *Anders*" apply to "proceedings under Chapter 64 of the Code of Criminal Procedure).

Slaughter's court-appointed attorney's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Anders,* 386 U.S. at 744-45; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Slaughter's counsel represented to the Court that he provided copies of the motion and brief to Slaughter; advised Slaughter of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Slaughter with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

Slaughter has not requested a copy of the appellate record or filed a pro se brief, and the time permitted to file a brief has expired.

We have independently reviewed the record and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the trial court's order.

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: October 13, 2022

Do Not Publish