# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00028-CR

---

**Lamar Lovett, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 299TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-10-904094, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Lamar Lovett was convicted of the offenses of attempted capital murder, aggravated assault, and two counts of aggravated sexual assault, and the jury assessed his punishment at seventy years' imprisonment for attempted capital murder, twenty years' imprisonment for aggravated assault, and fifty years' imprisonment for each count of aggravated sexual assault. *See* Tex. Penal Code §§ 15.01, 19.03, 22.02, .021. This Court affirmed his convictions. *See Lovett v. State*, No. 03-10-00865-CR, 2012 WL 3155729, at \*1 (Tex. App.—Austin Aug. 1, 2012, pet. ref'd) (mem. op., not designated for publication). Lovett later filed an application for writ of habeas corpus challenging his convictions on multiple grounds, including double jeopardy. The Court of Criminal Appeals vacated his conviction for aggravated assault because that conviction was "based on the same actions and same victim as his conviction for attempted capital murder." *Ex parte Lovett*, No. WR-76,670-06, 2016 WL 240738 (Tex. Crim. App. Jan. 13, 2016) (op., not designated for publication).

Years later, Lovett filed a motion seeking the appointment of counsel to assist him in seeking post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure, and the trial court appointed an attorney to represent him. *See* Tex. Code Crim. Proc. art. 64.01. Lovett later filed a motion seeking to have subjected to DNA testing evidence that was collected during the investigation but not tested and to have retested evidence that had been tested before. *See id.* arts. 64.01, .03. In its response, the State asserted that Lovett had not met the requirements for testing and retesting of the evidence, but the State voluntarily agreed to retest swabs that were collected and tested as part of the investigation in the underlying case by the Austin crime lab, which had been shut down after trial. Subsequent retesting of swabs taken from the victim's fingernails and vagina again produced results inculpating Lovett. After admitting the test results, the trial court denied Lovett's motion for DNA testing and explained in its order that the requirements for testing and retesting had not been satisfied. *See id.* art. 64.03. Lovett appeals the trial court's order denying his request for DNA testing. *See id.* art. 64.05.

Lovett's court-appointed attorney on appeal filed a motion to withdraw supported by an *Anders* brief contending that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *see also Murphy v. State*, 111 S.W.3d 846, 848 (Tex. App.—Dallas 2003, no pet.) (concluding that "the principles of *Anders*" apply to "proceedings under Chapter 64" of Code of Criminal Procedure). Lovett's court-appointed attorney's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. at 744-45; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that

the appeal is . . . frivolous").  Lovett's counsel represented to the Court that he provided copies of the motion and brief to Lovett; advised Lovett of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Lovett with a copy of the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).  Although Lovett requested an extension of time to file a pro se brief, the extended deadline has now passed, and Lovett has not filed a brief.

We have independently reviewed the record and have found nothing that might arguably support the appeal.  *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766.  We agree with counsel that the appeal is frivolous and without merit.  We grant counsel's motion to withdraw and affirm the trial court's order.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   October 24, 2023

Do Not Publish