COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ISRAEL WILLIAMS, JR.,                                    )

                                                                              )               
No.  08-05-00040-CR

Appellant,                          )

                                                                              )                     Appeal from the

v.                                                                           )

                                                                              )           
Criminal District Court #3

THE STATE OF TEXAS,                                     )

                                                                              )             
of Dallas County, Texas

Appellee.                           )

                                                                              )               
(TC# F-9100786-WJ)

                                                                              )

 

 

O
P I N I O N

 

Appellant Israel
Williams, Jr. appeals the trial court=s
order dismissing his motion for post-conviction DNA testing.[1]  The trial court certified that this is not a
plea-bargain case and that Appellant has the right of appeal.








Appellant=s court-appointed counsel has filed an
Anders brief in which she has concluded that the appeal is wholly frivolous and
without merit.  See generally Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, reh. denied,
388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d 1377 (1967).  An attorney may file an Anders brief
in an appeal of a trial court=s
ruling on a post-conviction motion for DNA testing.  Murphy v. State, 111 S.W.3d 846,
847-48 (Tex.App.--Dallas 2003, no pet.); see also Watkins v. State, 155
S.W.3d 631, 634 (Tex.App.--Texarkana 2005, no pet.).

DISCUSSION

ANDERS
BRIEF

Chapter 64 of the
Code of Criminal Procedure provides that a convicted person may file in the
convicting court a motion for forensic DNA testing of evidence containing
biological material.  See Tex.Code Crim.Proc.Ann. art.
64.01(a)(Vernon Supp. 2005).  The motion
must be accompanied by an affidavit, sworn to by the convicted person,
containing statements of fact in support of the motion.  Id. 
Counsel states that she has examined Appellant=s
DNA motion and notes that it failed to specify any evidence to be tested, but
only requests testing of Aall
evidence containing BIOLOGICAL MATERIAL . . . .@  The motion also alleged that the interests of
justice required that the unspecified evidence be tested.  Further, Appellant=s
attached affidavit verified the allegations contained in the motion and also
included the following allegation:

In my case, I am
actually innocence [sic] of the allege offense. 
No fingerprints match my prints. 
No weapons were found linked to me to this case.  Sample of my blood and my fingerprints are
available for testing.  I offer same for
analysis.  I pray for relief.

 








In the trial court=s order it specifically found
that:  (1) Ano
reasonable grounds exist for the filing of a motion for DNA testing in this
case and therefore no attorney will be appointed;@
(2) Athe
motion fails to meet the requirements set forth in Article 64.01 of the Code of
Criminal Procedure and should not be considered;@
(3) Athe
defendant=s sworn
affidavit accompanying the motion fails to contain statements of fact in
support of the motion as required by Article 64.01(a) of the Code of Criminal
Procedure;@ and (4) Athe motion fails to state what
biological material, if any, was secured in relation to the offense.@

Counsel has
reviewed the appellate record in this case and determined that the motion filed
does not specify any evidence to be tested, nor does the motion or affidavit
allege any facts which, if true, would show that Appellant would not have been
convicted if exculpatory results had been obtained through DNA testing.  See Dinkins v. State, 84 S.W.3d
639, 642 (Tex.Crim.App. 2002)(motion must specify evidence and provide
statements of fact to demonstrate entitlement to relief requested).  Moreover, after reviewing the trial record,
counsel has concluded that it is extremely unlikely that any evidence exists
which could be tested pursuant to Chapter 64 and if it should exist, testing
would be unlikely to exonerate Appellant regardless of the outcome.

The brief meets
the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396,
18 L.Ed.2d 493, reh. denied, 388 U.S. 924, 87 S.Ct. 2094, 18 L.Ed.2d
1377 (1967), by presenting a professional evaluation of the record
demonstrating why, in effect, there are no arguable grounds to be
advanced.  See High v. State, 573
S.W.2d 807 (Tex.Crim.App. 1978); Currie v. State, 516 S.W.2d 684
(Tex.Crim.App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex.Crim.App.
1972); Gainous v. State, 436 S.W.2d 137 (Tex.Crim.App. 1969).  Counsel has also filed a motion to withdraw,
has served a copy of the brief to Appellant, and has informed Appellant of his
right to review the record and to file a pro se response.  Appellant filed a pro se brief on
October 31, 2005.

PRO
SE BRIEF








In Appellant=s pro se brief, he raises twelve
issues on appeal.  However, eleven of
these issues are related to his original conviction for possession of cocaine
with intent to deliver and are not cognizable in a Chapter 64 appeal.  See Tex.Code
Crim.Proc.Ann. art. 64.05; Wolfe v. 
State, 120 S.W.3d 368, 372 (Tex.Crim.App. 2003)(Article 64.05
permits an appeal under Chapter 64). 
Thus, we lack jurisdiction to consider the issues Appellant raises which
challenge his original conviction.

In the remaining
issue, Appellant asserts that appellate counsel was ineffective for filing an Anders
brief.  To establish that he received
ineffective assistance of counsel, Appellant must show that (1) counsel=s performance fell below an objective
standard of reasonableness, and (2) there is a reasonable probability that, but
for his counsel=s error,
the result would have been different.  See
Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 2064, 80
L.Ed.2d 674 (1984).  Appellant contends
that after reviewing the trial record, he has found that a number of arguable
grounds for appeal do exist and that such grounds are non-frivolous and were
based, in part, on objections made by trial counsel.  As noted above, we do not have jurisdiction
to consider any challenges to the original conviction, therefore Appellant=s counsel was not ineffective for
failing to raise issues based on errors, if any, that occurred at trial.  Appellant=s
issues are overruled.

INDEPENDENT
REVIEW

We have carefully
reviewed the entire appellate record and counsel=s
brief and agree that the appeal is wholly frivolous and without merit.  Further, we find nothing in the record that
might arguably support the appeal.  We
affirm the trial court=s
order.

 

January
26, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
The record shows that the underlying offense for which Appellant was convicted
was possession with the intent to deliver a controlled substance, to wit:  cocaine, in an amount by aggregate weight
including any adulterants or dilutants of less than 28 grams.  Appellant appealed his conviction, which was
affirmed in 1992.