**Opinion issued November 29, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-12-00103-CR
NO. 01-12-00104-CR

———————————

## LEONARD JAMES LASURE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause Nos. 801071 & 801072

## MEMORANDUM OPINION

Appellant, Leonard James Lasure, filed motions for post-conviction DNA testing in the trial court. *See* TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2006 & Supp. 2012). The trial court denied the motions. The trial court found that

appellant did not show that subjecting the evidence in the causes below to newer testing techniques provided a reasonable likelihood of results that would be more accurate and probative than results of earlier DNA testing, and that appellant did not show a reasonable probability that he would not have been convicted if the results of retesting were available prior to his conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01(2)(b), 64.03 (West Supp. 2012). The trial court certified that appellant had the right of appeal. Appellant timely filed notices of appeal.

Appellant's appointed counsel in these appeals has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *Anders* procedures apply in post-conviction DNA testing cases. *See Murphy v. State*, 111 S.W.3d 846, 847–48 (Tex. App.—Dallas 2003, no pet.).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of

error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, counsel has informed us that he has delivered copies of the briefs to appellant and informed him of his right to examine the appellate record and to file responses. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Appellant has not filed a pro se response.

We have independently reviewed the entire record in these appeals, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

In each appeal, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]   Attorney Roland Brice Moore III must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

## PER CURIAM

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[1]   Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).