**Opinion issued November 29, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00102-CR

———————————

**LEONARD JAMES LASURE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 798764

## MEMORANDUM OPINION

Appellant, Leonard James Lasure, filed a motion for post-conviction DNA testing in the trial court. *See* TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2006 & Supp. 2012). The trial court granted the motion. After testing, the trial court found that the test results were unfavorable to appellant and that the results did not show a

reasonable probability of appellant's innocence. *See Hicks v. State*, 151 S.W.3d 672, 675–76 (Tex. App.—Waco 2004, pet ref'd). The trial court certified that appellant had the right of appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and therefore the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *Anders* procedures apply in post-conviction DNA testing cases. *See Murphy v. State*, 111 S.W.3d 846, 847–48 (Tex. App.—Dallas 2003, no pet.).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Here, counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to examine the appellate record and to file a

response.  *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

Appellant has not filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that frivolity is determined by considering whether there are "arguable grounds" for review); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Mitchell*, 193 S.W.3d at 155.  An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1]  Attorney Roland Brice Moore III must immediately send the notice required by Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).

---

[1]  Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).